UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TAGHI TAJGARDOUN,

      Petitioner,

      v.

PATRICIA HYDE, Director of Boston Field
Office, *et al*.,

      Respondents.

Civil Action No. 1:26-cv-11417-WGY

## RESPONDENTS' RESPONSE TO PETITIONER'S STATUS REPORT

Respondents, by and through their attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, respectfully submit this response to Petitioner's Status Report. *See* ECF No. 11. On or about May 7, 2026, the Immigration Court granted Petitioner's previously filed motion to reopen his removal proceedings. *See id*. Petitioner remains in removal proceedings at this time and Immigration and Customs Enforcement has filed a Form I-261, Additional Charges of Inadmissibility/ Deportability. *See* Exhibit 1, I-261 and I-286, Notice to Appear. As of May 8, 2026, the parties were negotiating dismissal of the Petition without prejudice for release of the Petitioner on an Order of Recognizance with the alternatives to detention, cellphone monitoring, and ICE released Petitioner. *See* Exhibit 2, I-220A, Order of Release on Recognizance.[1] At this time and after Petitioner's release on the I-220A and conditions at Exhibit 2, the parties have not reached an agreement as to the disposition of this habeas action.

---

[1] Respondents submit the the copy of the I-220A served on Petitioner at the time of his release, as the amendment to page three was not agreed upon by the parties and not signed by Petitioner.

At this time, as ICE released Petitioner from its custody and Petitioner achieved the relief he sought through this Petition, Respondents respectfully request this action be dismissed. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."). Respondents distinguish Petitioner's release on the I-220A with cellphone monitoring from, *Orellana Juarez v. Moniz*, 788 F. Supp. 3d 61, 68 (D. Mass. 2025), as he was not released on an ankle monitor and there is no indication the I-220A and conditions therein will be indefinite. Now that Petitioner's removal proceedings are reopened, Petitioner may challenge the I-261 (and his removability) on the non-detained docket in Immigration Court. *See* 8 C.F.R. § 1240.8(a) (stating ICE bears the burden to show the alien is deportable by clear and convincing evidence); 8 C.F.R. § 1003.18(d)(1).[2] If Petitioner is no longer removable, he may ask ICE to review the conditions of his release contained in the I-220A. As such, Respondents ask that this Court dismiss the Petition.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated: May 14, 2026

By:  */s/ Erica McMahon*
ERICA MCMAHON
Special Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel.: 617-748-3271
Email: Erica.McMahon@usdoj.gov

---

[2] This Court does not have jurisdiction to consider the underlying deportability charges or the I-261 recently filed, as it "aris[es] from an action taken or proceeding brought to remove an alien from the United States." *See* 8 U.S.C. § 1252(b)(9).

## **CERTIFICATE OF SERVICE**

I, Erica McMahon, Special Assistant United States Attorney, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Paper copies will be sent to those indicated as non-registered participants.

Dated: May 14, 2026                     By:    */s/ Erica McMahon*
                                               ERICA MCMAHON
                                               Special Assistant United States Attorney

3